UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF STEPHEN INGLE, through successor in interest C.R.I., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY HOSPITAL AUTHORITY,<br><br>Defendant. | Case No. 1:25-cv-00377-JLT-CDB<br><br>ORDER GRANTING MOTION TO APPOINT ELIZABETH LEAL AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF C.R.I.<br><br>(Doc. 3) |

Minor Plaintiff C.R.I., individually and as successor in interest of the Estate of Stephen Ingle, by and through her mother and proposed guardian ad litem Elizabeth Leal, brings this action pursuant to 42 U.S.C. § 1983 against Defendant Kern County Hospital Authority ("KCHA"), asserting claims arising out of the in-custody death of decedent Stephen Ingle. (Doc. 1).

Pending before the Court is minor Plaintiff C.R.I.'s motion to appoint her mother Elizabeth Leal as guardian ad litem, filed on March 31, 2025. (Doc. 3). Although the docket reflects that Defendant has been served (Doc. 7), Defendant has not yet appeared in this action nor filed a responsive pleading. Nonetheless, the Court deems the filing of any opposition unnecessary before ruling on the motion.

**Governing Authority**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or

1

issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." (*Id.*) The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. (*See id.*) (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation"). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. (*Id.*) (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the

        Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);

. . .

    (c)    Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. Local Rule 202 (citing Fed. R. Civ. P. 17(c)). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

**Discussion**

Plaintiffs' application sets forth that Plaintiff C.R.I. is a minor child that is currently 15 years old and is the biological child of proposed guardian ad litem Elizabeth Leal. (Doc. 3 at 3; *id.* at 7, Declaration of Elizabeth Leal ("Leal Decl.") ¶¶ 3-4). Leal declares that she has no interests adverse to C.R.I. and that she consents to serve as C.R.I.'s guardian ad litem in this matter. (Leal Decl. ¶¶ 5, 8). A review of the docket evidences no prior application for appointment of guardian ad litem filed in this action.

In the motion, counsels Denisse Gastélum, Christian Contreras, and Humberto Guizar provide that their representation of Plaintiffs is on a contingency basis. (Doc. 3 at 4). They represent that counsel for Plaintiffs "did not become involved in the application at the instance of the party against whom the causes of action are asserted. Indeed, Plaintiffs' counsel has no connection whatsoever with any of the Defendants aside from instant lawsuit." (*Id.*). They further represent they have not

3

1 received any compensation but expect to if there is a settlement or judgment in Plaintiffs' favor. They
2 state that, pursuant to the contingency fee agreement, they would receive 33.33% of an award reached
3 prior to the filing of a lawsuit or 40% of an award reached after the filing of a lawsuit. (*Id.* at 4-5).

As counsel acknowledges in the motion (*id.* at 5), this is well above the 25% benchmark that courts in the Eastern District of California typically award for attorneys' fees in contingency cases involving minors. *See Chance v. Prudential Ins. Co. of Am.*, No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (collecting cases); *Sykes v. Shea*, No. 2:16-2851 WBS GGH, 2018 WL 2335774, at *1 (E.D. Cal. May 23, 2018) ("It has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases involving minors.").

The Court need not resolve the issue of the reasonableness of any attorneys' fees at this time. As discussed above, the standards for the appointment of Elizabeth Leal have been met. Moreover, as noted in the motion, there will be another opportunity to assess the reasonableness of any payment to counsel if a settlement is reached. (Doc. 3 at 5); E.D. Cal. L.R. 202 (b) (requiring Court approval for settlements or compromises of a claim brought by a minor); *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding a court must independently investigate any settlement of a minor's claims to assure the minor's interests are protected, even if said settlement has been recommended by the parent or guardian ad litem).

The Court finds that the standards for the appointment of Elizabeth Leal have been met and that she is competent and qualified to serve as guardian ad litem for C.R.I. *See*, *e.g.*, *I.W. by & through Aguirre v. Clovis Unified Sch. Dist.*, No. 1:24-CV-01074-JLT-BAM, 2024 WL 4216753, at *1 (E.D. Cal. Sept. 17, 2024) (appointing minor Plaintiff's mother as guardian ad litem); E.D. Cal. Local Rule 202(c). Thus, the Court shall grant the motion to appoint Elizabeth Leal as guardian ad litem for C.R.I but does not endorse the fairness and reasonableness of the contractual contingency fee amount, which will be considered by the Court before any payment pursuant to a minor's compromise is approved.

///
///
///

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's motion to appoint Elizabeth Leal as guardian ad litem for minor Plaintiff C.R.I. (Doc. 3) is GRANTED; and
2. Elizabeth Leal is appointed to act as guardian ad litem for C.R.I. and is authorized to prosecute the action on C.R.I.'s behalf.

IT IS SO ORDERED.

Dated: __**April 23, 2025**__        _____
                                       UNITED STATES MAGISTRATE JUDGE

5