UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF STEPHEN INGLE, *et al.*, | Case No. 1:25-cv-00377-JLT-CDB |
| Plaintiff, | ORDER REQUIRING DEFENDANT TO PAY SANCTIONS OF $100 PER DAY |
| v. | (Doc. 16) |
| KERN COUNTY HOSPITAL AUTHORITY, | |
| Defendant. | |

**Background**

On May 12, 2025, the parties in *Scott, et al. v. County of Kern, et al.*, Case No. 1:24-cv-00423-CDB (the "Lead Action"), *Scott, et al. v. Kern County Hospital Authority*, Case No. 1:25-cv-00378-KES-CDB, and *Estate of Stephen Ingle, et al. v. Kern County Hospital Authority*, Case No. 1:25-cv-00377-JLT-CDB, filed a stipulated request to consolidate the cases wherein they represented a mutual intent to consent to magistrate judge jurisdiction. (Lead Action, Doc. 45). Accordingly, to give effect to the parties' election regarding magistrate judge jurisdiction, on May 13, 2025, the Court directed the parties here to complete and file the consent/decline of magistrate judge jurisdiction form included in the case opening documents. (Doc. 14; *see* Doc. 5-3).

Thereafter, on May 19, 2025, Plaintiffs filed a stipulated request to file a consolidated complaint in the Lead Action. (Lead Action, Doc. 46). On May 20, 2025, the Court issued a

1

1  minute order in the Lead Action directing any parties who had not filed the consent/decline form
2  in the actions to be consolidated to complete, sign, and file the form within three days of entry of
3  the order.  (Lead Action, Doc. 47).

4  Two weeks passed following the Court's issuance of its order in this case directing the
5  parties to file consent/decline forms, yet Defendant Kern County Hospital Authority ("KCHA")
6  failed to comply.  Accordingly, on May 27, 2025, the Court ordered KCHA to show cause in writing
7  within two days why sanctions should not be imposed for its for failure to comply with the Court's
8  order regarding filing of the consent/decline form.  KCHA was advised that "[a]ny failure by
9  Defendant to timely comply with this order will result in the imposition of sanctions."  (Doc. 16).

10  KCHA's deadline to respond to the order to show cause has passed and it has neither filed
11  the form nor otherwise explained to the Court the reasons for its delinquency.

12  **Governing Authority**

13  The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to
14  secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1.  To effectuate
15  this purpose, the rules provide for sanctions against parties that fail to comply with court orders or
16  that unnecessarily multiply the proceedings.  *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).
17  Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to
18  obey a scheduling or other pretrial order.

19  The Court also possesses inherent authority to impose sanctions to manage its own affairs
20  so as to achieve the orderly and expeditious disposition of cases.  *Chambers v. NASCO, Inc.,* 501
21  U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all
22  others, including to protect the due and orderly administration of justice and maintain the authority
23  and dignity of the Court.  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  In order to
24  compel a party to comply with the Court's orders, the Court may issue daily sanctions until
25  compliance is obtained.  *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005)
26  (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the
27  defendant to do what he had refused to do.").

28  Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of

counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." (*Id*.).

**Discussion**

Here, the Court ordered the parties to file the consent/decline forms concerning magistrate judge jurisdiction in response to the parties' expression of intent to consent to such jurisdiction in their stipulated request to consolidate this action with the Lead Action. *See* (Lead Action, Docs. 45, 47; Docs. 14, 16).  Nevertheless, KCHA has failed to comply with the Court's orders.  Aside from evidencing KCHA's lack of regard for complying with court orders, KCHA's intransigence is preventing the Court from efficiently managing its docket in both this action and the Lead Action.  Accordingly, the Court finds that monetary sanctions are appropriate to compel KCHA to comply with this Court's orders.  Therefore, to gain KCHA's compliance, a $100 sanction shall be imposed on KCHA commencing on the date of this order and shall continue to be imposed each day thereafter until KCHA files the consent/decline form.  KCHA's filing of the consent/decline form on the date of this order will not relieve KCHA of the sanction imposed commencing on this date.  Further, the daily deadline shall expire at the close of business each day at 5:00 p.m.

///
///
///

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED, Defendant Kern County Hospital Authority shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until Defendant files the consent/decline of magistrate judge jurisdiction form.

IT IS SO ORDERED.

Dated: **May 30, 2025**

UNITED STATES MAGISTRATE JUDGE

4