UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF STEPHEN INGLE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KERN COUNTY HOSPITAL AUTHORITY, <br><br> Defendant. | Case No. 1:25-cv-00377-CDB <br><br> ORDER DISCHARGING SANCTIONS ORDER AND REQUIRING DEFENDANT TO PAY SANCTIONS <br><br> (Docs. 17, 20) <br><br> ORDER DISCHARGING MAY 27, 2025, ORDER TO SHOW CAUSE <br><br> (Doc. 16) <br><br> **14-Day Deadline** |

### Relevant Background

On May 12, 2025, the parties in *Scott, et al. v. County of Kern, et al.*, Case No. 1:24-cv-00423-CDB (the "Lead Action"), *Scott, et al. v. Kern County Hospital Authority*, Case No. 1:25-cv-00378-CDB ("Action 378"), and *Estate of Stephen Ingle, et al. v. Kern County Hospital Authority*, Case No. 1:25-cv-00377-JLT-CDB, filed a stipulated request to consolidate the cases wherein they represented a mutual intent to consent to magistrate judge jurisdiction. (Lead Action, Doc. 45). On May 13, 2025, the Court directed the parties here to complete and file the consent/decline of magistrate judge jurisdiction form included in the case opening documents. (Doc. 14; *see* Doc. 5-3). On May 19, 2025, Plaintiffs filed a stipulated request to file a consolidated complaint in the Lead Action. (Lead Action, Doc. 46). On May 20, 2025, the Court issued a

1  minute order in the Lead Action directing any parties who had not filed the consent/decline form
2  in the actions to be consolidated to complete, sign, and file the form within three days of entry of
3  the order.  (Lead Action, Doc. 47).
4      Two weeks following the Court's order directing the parties to file consent/decline forms
5  in this action, Defendant Kern County Hospital Authority ("KCHA") still had failed to comply.
6  Accordingly, on May 27, 2025, the Court ordered KCHA to show cause in writing within two days
7  why sanctions should not be imposed for its for failure to comply with the Court's order regarding
8  filing of the consent/decline form.  KCHA was advised that "[a]ny failure by Defendant to timely
9  comply with this order will result in the imposition of sanctions."  (Doc. 16).  Because KCHA failed
10 to timely respond to the order to show cause, the Court entered an order imposing monetary
11 sanctions in the amount of $100 a day, beginning on May 30, 2025, to accrue until KCHA filed the
12 required consent/decline form.  (Doc. 17).

13 **Discussion**

14     Pending before the Court is KCHA's response to the Court's order to show cause, filed on
15 June 2, 2025.  (Doc. 20).  Defendant's counsel Hugh S. Spackman declares that, though KCHA
16 has not filed an answer or motion to dismiss in this action or Action 378, KCHA did sign a
17 stipulation (citing Doc. 43[1]) that "probably resulted in [his] name being added to the court's
18 service list."  (Doc. 20 at 3 ¶ 3).  Mr. Spackman further declares that another attorney in his
19 office, Linda M. Werner, is co-defense counsel with him on this matter and was working with
20 Plaintiffs' counsel.  (*Id.* ¶ 5).  Mr. Spackman states that he did not review thoroughly the emails
21 from the Court regarding its orders as he was out of office and "mistakenly believed that Ms.
22 Werner was receiving all of these e-mails.  Ms. Werner was not included in the email service
23 from the court."  Mr. Spackman attests that he understands it is his responsibility to make sure
24 Ms. Werner was added to the list for service and that he incorrectly assumed Ms. Werner was

---

[1] As there is no Doc. 43 in the instant action, the Court presumes counsel intended to cite to Doc. 43 in the Lead Action.  However, the Court is uncertain whether counsel intended to cite to Doc. 43 in the Lead Action, in particular, as being signed on behalf of KCHA, as Doc. 43 is neither signed by counsel for Defendant nor attaches any declaration from counsel.  Doc. 45 in the Lead Action, however, is in fact signed by counsel for Defendant.  (Lead Action, Doc. 45 at 5).

receiving notices from the Court as Ms. Werner had been participating in "group emails for a couple of months." (*Id.* ¶ 6). Mr. Spackman apologizes for the misunderstanding and asks the Court not to issue sanctions. (*Id.* at 3-4 ¶¶ 8-9). [2]

Defendant also attaches a declaration from Ms. Werner. Ms. Werner provides background regarding the stipulations agreed to by the parties. (*Id.* at 5 ¶¶ 4-6). She attests that she did not believe that agreeing to a stipulation to consolidate would constitute an appearance. (*Id.* ¶ 6). Ms. Werner declares that her declaration was included in the renewed stipulation to vacate case management dates (citing Lead Action, Doc. 48) to "detail the prejudice defendant KCHA would experience if the current trial date remained." (*Id.* at 6 ¶ 9). Ms. Werner declares that as KCHA had yet to file an answer or a motion to dismiss, she was "under the mistaken impression that KCHA was not one of the parties that was subject to the consent to magistrate order from the court." (*Id.* ¶ 10).

Ms. Werner represents that she never received any emails from the court regarding the order to show cause and, if she had, she "would have immediately responded to this court as to why KCHA had failed to comply and our reasons as to why sanctions should not be imposed." Ms. Werner states that "[i]t was always KCHA's intention to consent, but I thought that KCHA's consent would be required after having actually appeared in the case as a consent to magistrate would constitute an appearance." (*Id.* ¶ 11). [3] Ms. Werner apologizes for the misunderstanding and asks the Court not to issue sanctions. (*Id.* ¶ 11-12). [4]

The docket reflects that KCHA was served with summons and complaint and that KCHA began receiving notice of filings in this matter effective April 21, 2025, when counsel for KCHA (Mr. Spackman) filed a jointly executed stipulated request to extend KCHA's deadline to file a responsive pleading. *See* (Doc. 10). Thereafter, the Court twice directed KCHA to file the consent/decline form. KCHA's failure to timely comply with the Court's orders has

---

[2] Mr. Spackman's declaration does not include a paragraph seven, instead going from paragraph six to paragraph eight. The Court cites to the paragraphs as they are listed in the declaration.
[3] Ms. Werner's declaration includes two paragraphs numbered as paragraph 11. This citation refers to the first one, beginning on line 16.
[4] Ms. Werner's declaration includes two paragraphs numbered as paragraph 11. This citation refers to the second one, beginning on line 23.

unnecessarily required the Court to expend limited resources seeking to gain counsel's compliance and delayed the proceedings not only in this action, but also the Lead Action. Although in their declarations, counsel appropriately express remorse and take accountability for their failure to timely make the required filing and abide by this Court's orders, their explanations for these shortcomings do not evidence good cause to set aside the imposition of sanctions.

In light of Defendant's counsels' response to the Court's sanctions order and order to show cause, the Court shall discharge further sanctions and shall impose a total sanction of $300 based on the Court's order. A single payment of $300 will satisfy the total sanction imposed in both this action and Action 378. As addressed above, while the Court does not find good cause to excuse counsels' delinquency, the Court notes that Defendant has now filed the consent/decline form (Doc. 18) as well as designation of counsel for service for Ms. Werner (Doc. 19). Accordingly, to deter Defendant and its counsel from future violations of the Court's orders and the Local Rules and to ensure they abide by all applicable deadlines and continue to actively monitor docketed filings and notices in this case, the Court will impose a total sanction of $300.00. *See, e.g.*, *Gen. Sig. Corp. v. Donallco, Inc.*, 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of monetary sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished).

**Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant shall pay the Clerk of the Court $300.00 in full satisfaction of the sanction imposed in this case and in Action 378 no later than **June 17, 2025**;

2. Defendant's counsel shall promptly file proof of payment with the Court once payment is made;

3. If such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from June 17, 2025, until full payment is received; and

///

///

4. The Court's order to show cause (Doc. 16) is HEREBY DISCHARGED.

**Any failure by Defendant to comply with this order will result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **June 3, 2025**

UNITED STATES MAGISTRATE JUDGE